United States District Court
Southern District of Texas
**ENTERED**
July 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CARLOS KNOX | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19–CV–00181 |
| | § | |
| HORNBECK OFFSHORE SERVICES, LLC | § § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM AND RECOMMENDATION**

Before the Court is Defendant's Admiralty Rule E Motion for Equitable Vacatur, for Damages Due to Wrongful Attachment, and to Transfer and Consolidate ("Motion for Miscellaneous Relief"). *See* Dkt. 6. The Motion for Miscellaneous Relief was referred to this Court pursuant to 28 U.S.C. § 636. *See* Dkt. 12.

On July 16, 2019, the Court granted the Motion for Miscellaneous Relief in part. The Court specifically ruled on the issue of equitable vacatur but left "[t]he portions of the Motion for Miscellaneous Relief seeking to transfer the case and award damages" for future consideration. Dkt. 43 at 9.

On July 24, 2019, Plaintiff Carlos Knox ("Knox") filed a response to the Motion for Miscellaneous Relief, specifically addressing the remaining issues of damages and transfer. *See* Dkt.49. Thus, the remainder of the Motion for Miscellaneous Relief is now ripe.

## CASE TRANSFER AND CONSOLIDATION

As discussed in the Order on Equitable Vacatur: Knox is a resident of the Eastern District of Louisiana; Defendant Hornbeck Offshore Services, LLC ("Hornbeck Services") maintains its principal place of business in the Eastern District of Louisiana; and several months before Knox filed this suit, Hornbeck Services, along with Hornbeck Offshore Operators, LLC, filed a declaratory judgment action based on the same controversy against Knox in the Eastern District of Louisiana. *See* Dkt. 43 at 3. Based on these facts, Hornbeck Services seeks to transfer and consolidate this case with the matter currently "pending in the Eastern District of Louisiana, before Judge Greg Gerard Guidry and bearing civil action number 2:19-cv-00270-GGG-JCW." Dkt. 6-1 at 2.

In his response to the Motion for Miscellaneous Relief, Knox does not contest Hornbeck Services's request to transfer and consolidate. Indeed, Knox specifically "agrees to Defendant's request to transfer and consolidate." *Id.* at 2. Consequently, the Court recommends that this case be transferred to the Eastern District of Louisiana. The Court does not, however, order consolidation because the Eastern District of Louisiana should be permitted to determine whether consolidation is appropriate. *See Brocq v. Lane*, No. 3:16-CV-2832-D, 2017 WL 1281129, at *3 (N.D. Tex. Apr. 6, 2017) ("The second-filed court transfers, rather than dismisses, so the first-filed court may decide whether to dismiss, stay, transfer, or consolidate the cases.") (citation omitted).

## DAMAGES DUE TO WRONGFUL ATTACHMENT

Hornbeck Services contends that the Court should award it damages because Knox wrongfully attached its property. Hornbeck Services supports its request by detailing facts

that allegedly demonstrate that "[t]he actions and decisions made by Knox and/or his counsel undoubtedly warrant an inference from the Court of bad faith, malice, and an absolute wanton disregard for the rights of Hornbeck." Dkt. 6-1 at 11. Knox vigorously contests Hornbeck Services's entitlement to such relief. *See* Dkt. 49

Because the Court is recommending that this case be transferred to the Eastern District of Louisiana, the Court finds that the Eastern District of Louisiana should make the determination on Hornbeck Services's request for damages. In this Court's opinion, the Eastern District of Louisiana is best positioned to determine whether any negative inferences should be made based on Knox's decision to file this suit, notwithstanding the pending suit in the Eastern District of Louisiana. Accordingly, the Court recommends that Hornbeck Services's request for damages due to wrongful attachment be denied without prejudice to allow Hornbeck Services to reassert its request in the Eastern District of Louisiana upon completion of the case transfer.

## CONCLUSION

Defendant's Motion for Miscellaneous Relief (Dkt. 6) should be **GRANTED in part and DENIED in part.**

Specifically, the Court recommends Hornbeck Services's request to transfer be **GRANTED**, and this case be **TRANSFERRED** to the Eastern District of Louisiana.

The Court also recommends that Hornbeck Services's request for damages due to wrongful attachment be **DENIED without prejudice** to allow Hornbeck Services to reassert its request in the Eastern District of Louisiana upon completion of the case transfer.

3

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal

SIGNED at Galveston, Texas, this 15th day of July, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE